JOSEPH CLAPP, Esq., SBN 99194
Aiman-Smith & Marcy
7677 Oakport Street, Suite 1150
Oakland, CA  94621
Telephone:  (510) 590-7115
Facsimile:  (510) 562-6830
Email:  jc@asmlawyers.com

Attorneys for Plaintiff


LOCKE LORD LLP
Jon L. Rewinski, SBN 116124
jrewinski@lockelord.com
Matthew B. Nazareth, SBN 278405
mnazareth@lockelord.com
300 South Grand Avenue, Suite 2600
Los Angeles, CA 90071
213-485-1500

Attorneys for Defendants

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
SOUTHERN DIVISION

| | |
|---|---|
| CHRISTOPHER O'ROURKE, an individual;<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>FARMERS GROUP, INC. TRANSITIONAL SUPPLEMENTAL EXECUTIVE RETIREMENT PLAN, a pension plan; FARMERS GROUP, INC. EMPLOYEES PENSION PLAN, a pension plan; FARMERS GROUP, INC., a business entity, form unknown; FARMERS INSURANCE EXCHANGE, a business entity, form unknown;<br><br>　　　　　Defendants. | Case No.:  8:17-cv-00279-JVS (JCGx)<br><br>**FINAL PRETRIAL CONFERENCE ORDER**<br><br>Date:  May 7, 2018<br>Time:  11:00 a.m.<br>Courtroom:  10C<br>Judge:  Hon. James V. Selna<br><br>Complaint Filed:  February 15, 2017<br>Trial Date:  June 12, 2018 |

Following pretrial proceedings, pursuant to F.R.Civ.P. 16 and L.R. 16, IT IS ORDERED:

1. The parties are:

   Plaintiff Christopher O'Rourke and Defendant Farmers Group, Inc.

Each of these parties has been served and has appeared. All other parties named in the pleadings and not identified in the preceding paragraph are now dismissed.

The pleadings which raise the issues are:

   First Amended Complaint for ERISA Violations (Docket No. 12);

   Defendants' Answer to First Amended Complaint (Docket No. 24).

2. Federal jurisdiction and venue are invoked upon the grounds:

The first cause of action for breach of a fiduciary duty imposed by ERISA is brought under 29 U.S.C. Section 1132. This Court has original jurisdiction over this federal question pursuant to 28 U.S.C. Section 1331.

The alleged breach took place within the territorial jurisdiction of this Court. Venue lies with this Court pursuant to 28 U.S.C. Section 1391(b)(2).

3. The trial is estimated to take two trial days.

4. The trial is to be a non-jury trial. At least seven (7) days prior to the trial date the parties shall lodge and serve by email, fax, or personal delivery the findings of fact and conclusions of law the party expects the Court to make upon proof at the time of trial as required by L.R. 52-1.

5. The following facts are admitted and require no proof:

   a. Christopher O'Rourke was employed by Farmers Group, Inc. (FGI) from August 14, 2016 until December 31, 2012. At first he was employed as an Assistant Vice President, and then later as a Director.

   b. At FGI, O'Rourke participated in three pension plans – a FGI Employees' Pension Plan, a FGI Employee Benefits Restoration Plan, and a FGI Transitional Supplemental Executive Retirement Plan (TSERP).

   c. FGI is the plan administrator of the TSERP, which delegated plan administration duties to a Benefits Administration Committee.

      d. During the fall of 2012, Allyson Vaughn was the chairman of the Benefits Administration Committee. Part of her responsibilities was to communicate with employees about the meaning and application of FGI pension plans.

      e. FGI is owned by Zurich Insurance (Zurich).

      f. In the fall of 2012, O'Rourke was considering transferring to a position with Zurich in Switzerland.

      g. In the fall of 2012, O'Rourke communicated with Vaughn about how such a transfer would affect his FGI pension rights.

      h. On January 1, 2013, O'Rourke transferred to a position with Zurich.

      i. O'Rourke left employment with Zurich on May 31, 2016.

6. The following facts, though stipulated, shall be without prejudice to any evidentiary objection: Not applicable.

7. Claims and Defenses:

<u>Plaintiff</u>:

    (a) Plaintiff plans to pursue the following claims against the following defendant:

    Claim 1 – Breach of Fiduciary Duty:

        Defendant Farmers Group, Inc. (FGI) breached the fiduciary duty that it owed to Plaintiff Christopher O'Rourke. ERISA §404(a)(1), 29 U.S.C. §1104(a)(1) and §502(a)(3), 29 U.S.C. §1132(a)(3).

    (b) The elements required to establish Plaintiff's claim are:

        First Element – FGI, as plan administrator, owes a fiduciary duty to participants and beneficiaries of the Transitional Supplemental Executive Benefit Plan (TSERP), such as O'Rourke. ERISA §404(a)(1), 29 U.S.C. §1104(a)(1).

        Second Element – FGI breached this duty by making a material misrepresentation to O'Rourke about TSERP benefits. *Farr v. U.S. West Communs., Inc.,* 151 F.3d 908, 914 (9th Cir. 1998).

1   Third Element – The misrepresentation caused harm to O'Rourke.

2   *Cigna Corp. v. Amara,* 563 U.S. 421, 444 (2011).

3   (c) In brief, the key evidence Plaintiff relies on for each of the claims is:

4   First Element:  FGI, as plan administrator, owes a fiduciary duty to

5   participants and beneficiaries of the TSERP, such as O'Rourke.

6   Evidence:

7   1.  The TSERP Plan specifies that it shall be administered by a Benefits

8   Administration Committee appointed by the FGI Board of Directors,

9   and that the Committee may delegate administrative duties to

10   agents.

11   2.  Allyson Vaughn will testify that she was the chairperson of

12   the Benefits Administration Committee, and that her job

13   responsibilities included explaining pension benefits to employees.

14   3.  Albert J. Cortez will testify about the TSERP plan, how it operates,

15   and how it relates to the other FGI pension plans.

16   4.  O'Rourke will testify that he participated in the TSERP plan.

17   Second Element.  FGI breached this duty by making a material

18   misrepresentation to O'Rourke about TSERP benefits.

19   Evidence:

20   1.  O'Rourke will testify to Vaughn's representation about the

21   TSERP benefits that he would be entitled to receive if he moved

22   to Switzerland to accept a position with Zurich Insurance.

23   2.  O'Rourke's hand-written notes about Vaughn's representation.

24   3.  Vaughn will testify about the representation.

25   4.  Emails between O'Rourke and Vaughn relating to

26   O'Rourke's TSERP benefit.

27   5.  Communications to, from, and within the Benefit

Administration Committee relating to the investigation and denial of O'Rourke's complaint.

Third Element: This misrepresentation caused harm to O'Rourke.

Evidence:

1. O'Rourke will testify that the misrepresentation caused him to accept the offer of a position with Zurich Insurance.

2. O'Rourke will testify about the amount of the represented TSERP benefit.

3. Economist Phillip H. Allman, Ph.D., will testify about the present value of the difference between the amount of the represented TSERP benefit and the amount of the actual TSERP benefit.

4. FGI's economist, George A. Jouganatos, Ph.D., will testify about the economic loss suffered by O'Rourke.

<u>Defendant's Statement of Elements of Claim 1</u>

(b) To the extent Plaintiff seeks remedy of surcharge, Defendant agrees with Plaintiff's statement of the elements. *See Gabriel v. Alaska Elec. Pension Fund*, 773 F.3d 945, 958 (9th Cir. 2014).

To the extent Plaintiff seeks the remedy of equitable estoppel, Defendant asserts Plaintiff must also establish that (1) extraordinary circumstances; (2) that the provision of the plan was ambiguous; and (3) that the representation was an interpretation of the plan, rather than an amendment or modification. *Id*. at p. 957. Defendant asserts there is no evidence for any of these three additional elements.

(c) In brief, the key evidence Defendants rely upon to negate the second and third elements of Plaintiff's claim (as to surcharge) is:

Second Element.  Breach of duty

Evidence:

1. Vaughn will testify that she does not recall making the purported projection to Plaintiff.
2. Benefit statements to O'Rourke that provide projections of future benefit under the TSERP and Pension Plan.
3. Emails between O'Rourke and Vaughn relating to O'Rourke's TSERP benefit.
4. Communications to, from, and within the Benefit Administration Committee relating to the investigation and denial of O'Rourke's complaint.

Third Element: Harm to Plaintiff.

Evidence:

1. Benefit statements to O'Rourke that provide projections of future benefit under the TSERP and Pension Plan.
2. Cortez will testify that Plaintiff is receiving the benefits he is entitled to under the TSERP and Pension Plan
3. Plaintiff will testify as to his benefits from Zurich.
4. Cortez will testify as to Plaintiff's benefits under the TSERP and Pension Plan.
5. Emails between O'Rourke and Vaughn relating to O'Rourke's TSERP benefit.
6. Benefit statements to O'Rourke that provide projections of future benefit under the TSERP and Pension Plan.
7. Economist Phillip H. Allman, Ph.D., will testify about the present value of the difference between the amount of the represented TSERP benefit and the amount of the actual TSERP benefit.
8. FGI's economist, George A. Jouganatos, Ph.D., will testify about the economic loss suffered by O'Rourke.

<u>Defendant:</u>

Defendant raises no counterclaims or affirmative defenses.

8. In view of the admitted facts and the elements required to establish the claims, counterclaims and affirmative defenses, the following issues remain to be tried:

    A. Whether Allyson Vaughn made a misrepresentation about TSERP benefits to Plaintiff.

    B. Whether Plaintiff relied on the misrepresentation in making his decision to accept a position with Zurich Insurance.

    C. Whether Plaintiff suffered any harm as a result of the alleged misrepresentation and, if so, the measurement of the surcharge remedy. Plaintiff contends this should be measured by the present value of the TSERP benefits as represented, less the present value of the TSERP benefits that will actually be received. Defendant contends this should be measured by the difference between what Plaintiff would have received if he did not accept the Zurich position and what he in fact receives and will receive.

9. All discovery is complete.

10. All disclosures under F.R.Civ.P. 26(a)(3) have been made.

The joint exhibit list of the parties has been filed under separate cover as required by L.R. 16-6.1. Unless all parties agree that an exhibit shall be withdrawn, all exhibits will be admitted without objection at trial, except those exhibits listed below:

Plaintiff objects to Exhibit No. 11, to material contained in Exhibit 22, and to Exhibit 23.

The objections and grounds therefor are:

Plaintiff objects to Exhibit No. 11 as hearsay. F.R.E. 802. Plaintiff objects to material contained in Exhibit 22, specifically information about O'Rourke's pension benefit from Zurich Insurance and two pension benefits (a "frozen" benefit and a cash balance benefit) from FGI, as irrelevant. F.R.E. 402. Plaintiff objects to Exhibit 23 as irrelevant (F.R.E 402), unduly prejudicial and confusing (F.R.E. 403), incomplete (F.R.E. 106), and surprise because Defendant has failed to provide the complete document pursuant to F.R.C.P. 26(a)(1)(2) or 26(a)(3)(A)(iii).

11. Witness lists of the parties have been filed with the Court.

Only the witnesses identified in the lists will be permitted to testify (other than solely for impeachment).

Each party intending to present evidence by way of deposition testimony has marked such depositions in accordance with L.R. 16-2.7. For this purpose, the following depositions shall be lodged with the Clerk as required by L.R. 32-1:

None.

12. The following law and motion matters and motions in limine, and no others, are pending or contemplated:

None.

13. Bifurcation of the following issues for trial is ordered.

None.

14. The foregoing admissions having been made by the parties, and the parties having specified the foregoing issues remaining to be litigated, this Final Pretrial Conference Order shall supersede the pleadings and govern the course of the trial of this cause, unless modified to prevent manifest injustice.

Dated: May 08, 2018.

_____
Hon. James V. Selna
United States District Judge

Approved as to form and content:

/s/ Joseph Clapp
_____
Joseph Clapp, Esq.
Attorney for Plaintiff

/s/ Matthew B. Nazareth
_____
Matthew B. Nazareth, Esq.
Attorney for Defendant

Final Pretrial Conference Order
O'Rourke v. Farmers Group TSERP, et al.
Page 7

Case No. 8:17-cv-00279-JVS (JCGx)

# PROOF OF SERVICE

I, the undersigned, hereby declare:  I am employed in the County of Alameda, California; I am over eighteen years of age and not a party to the within action.  I am either admitted to practice before this Court or employed in the office of an attorney admitted to practice in this Court.  My business address is 7677 Oakport, Suite 1150, Oakland, California 94621.

On this date, I certify that the foregoing:

**Final Pretrial Conference Order**

was served as follows:

| | |
|---|---|
| Jon L. Rewinski, Esq.<br>Matthew B. Nazareth, Esq.<br>Locke Lord LLP<br>300 S. Grand Avenue, Suite 2600<br>Los Angeles, CA 90071 | Attorneys for Defendants Farmers Group, Inc. Transitional Supplemental Executive Retirement Plan; Farmers Group, Inc. Employees Pension Plan; Farmers Group, Inc.; and Farmers Insurance Exchange |

___   [By Mail]   I caused such envelope, with postage fully prepaid, to be placed in the United States mail at Oakland, California.

_X_   [By E-Mail]   I caused such document to be electronically transmitted via e-mail the addressee(s) listed above.

___   [By Electronic Transmission]   I hereby certify that on this date, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and service via transmittal of a Notice of Electronic Filing.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Dated:  April 30, 2018                                       /s/ Norma Dale
                                                                         Norma Dale